1  PHILLIP A. TALBERT
   United States Attorney
2  KEVIN C. KHASIGIAN
   ALEXIS KLEIN
3  Assistant U. S. Attorneys
   501 I Street, Suite 10-100
4  Sacramento, CA  95814
   Telephone: (916) 554-2700
5
   Attorneys for the United States
6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA,

12 |         Plaintiff,
                                            STIPULATION FOR CONSENT
13 |    v.                                  JUDGMENT OF FORFEITURE

14 | APPROXIMATELY $234,870.00 IN U.S.
     CURRENCY,
15
   APPROXIMATELY $16,564.61 SEIZED
16 | FROM UNION BANK,

17 | APPROXIMATELY $1,818.46 SEIZED FROM
     ALLY BANK,
18
   APPROXIMATELY 509.93 BITCOIN,
19
   APPROXIMATELY 520.25 BITCOIN CASH,
20
   APPROXIMATELY 1.15668545 BITCOIN,
21
   APPROXIMATELY 40.27172069 BITCOIN,
22
   APPROXIMATELY 415,661 STELLAR
23 | LUMENS, AND

24 | APPROXIMATELY .5 BITCOIN,

25 |         Defendants.

26

27        The United States of America and potential claimants Carrie Alaine Markis ("Markis" or

28 "claimant") and Andrea Michelle Jordan ("Jordan" or "claimant"), by and through their respective

                                              1

counsel, hereby agree and STIPULATE as follows:

1. On or about January 24, 2019, agents with the Department of Homeland Security Investigations ("HSI") executed a federal search warrant at Markis's residence located at 10929 Tower Park Drive, Rancho Cordova, CA and seized Approximately $234,870.00 in U.S. Currency, Approximately 509.93 Bitcoin, and Approximately 520.25 Bitcoin Cash. On or about February 1, 2019, agents with the HSI seized the Approximately $16,564.61 from Union Bank and Approximately $1,818.46 from Ally Bank pursuant to federal seizure warrants. On or about December 2, 2021, agents with the HSI seized the Approximately 1.15668545 Bitcoin from Markis. On or about December 7, 2021, agents with the HSI seized the Approximately 40.27172069 Bitcoin from Markis. On or about December 13, 2021, agents with the HSI seized the Approximately 415,661 Stellar Lumens from Markis. Sometime in April of 2022, Markis transferred Approximately .5 Bitcoin to a government-controlled wallet. These assets are hereafter collectively referred to as the "defendant assets".

2. For the purposes of this settlement only, claimants do not dispute the United States' representation that beginning in November 2013 or earlier, Markis sold fentanyl, oxycodone, hydrocodone, morphine, hydromorphone, and methadone, among other drugs on the internet. Markis sold these drugs anonymously using the moniker "Farmacy41" on various Darkweb sites: Silk Road 2.0, Pandora, Agora, Blue Sky, and AlphaBay. In exchange for the drugs, which she transmitted to buyers via mail, Markis accepted Bitcoin. Markis was a registered nurse holding an inactive license with the California Board of Registered Nursing.

3. For the purposes of this settlement only, claimants do not dispute the United States' representation that Markis obtained the drugs for sale through individual suppliers. Those suppliers diverted the drugs from persons who had prescriptions from physicians. Markis's suppliers paid those persons with cash in exchange for the drugs. Markis paid her suppliers with the profits from her sales on the Darkweb. At least one of her suppliers, Jordan, was aware that Markis sold the drugs on the Darkweb for a higher price. Through the course of their longstanding arrangement to obtain drugs for sale on the Darkweb, Markis and Jordan had an explicit agreement that Jordan would regularly obtain drugs for Markis's subsequent sale and profit. Markis directed Jordan, and others, to obtain the drugs. Markis paid Jordan a portion of her profits.

4.      For the purposes of this settlement only, claimants do not dispute the United States' representation that agents executed search and arrest warrants at Markis's home on January 24, 2019. During a *Mirandized* and recorded confession, Markis admitted to operating the Farmacy41 vendor accounts on several dark websites.  While executing the search warrant, agents also seized a Lenovo laptop that contained detailed sales spreadsheets and lots of other information, including a written business plan, linking Markis to the Farmacy41 vendor accounts.  Agents also seized about Approximately $234,870.00 in U.S. Currency from a home safe and Approximately 509.93 Bitcoin and Approximately 520.25 Bitcoin Cash from a Trezor cold storage device.  On or about February 1, 2019, agents seized Approximately $16,564.61 from Union Bank and Approximately $1,818.46 from Ally Bank pursuant to federal seizure warrants.  In December of 2021, agents also seized Approximately 1.15668545 Bitcoin, Approximately 40.27172069 Bitcoin, and Approximately 415,661 Stellar Lumens from Markis using information and devices seized from Markis on January 24, 2019.  Sometime in April of 2022, Markis transferred Approximately .5 Bitcoin to a government-controlled wallet.

5.      For the purposes of this settlement only, claimants do not dispute the United States' representation that Markis and/or Jordan sold a total converted drug weight sum (kgs) of approximately 464.734 of fentanyl, oxycodone, hydrocodone, morphine, and hydromorphone on various Darkweb sites on or after April 5, 2014.

6.       On April 4, 2019, an Indictment was filed in the Eastern District of California charging Carrie Alaine Markis and Andrea Michelle Jordan with Conspiracy to Distribute Fentanyl, Oxycodone, Hydrocodone, Morphine, Hydromorphone, and Methadone in violation of 21 U.S.C. §§ 846, 841(a)(1), Distribution of Fentanyl in violation of 21 U.S.C. § 841(a)(1), and Distribution of Oxycodone in violation of 21 U.S.C. § 841(a)(1).  The Indictment contained a Forfeiture Allegation that included the defendant assets that were seized in 2019.  On or about November 9, 2021, Jordan entered a guilty plea to Count 1 of the Indictment charging her with Conspiracy to Distribute Fentanyl, Oxycodone, Hydrocodone, Morphine, Hydromorphone, and Methadone in violation of 21 U.S.C. §§ 846, 841(a)(1). On or about April 12, 2022 Markis entered a guilty plea to Count 1 of the Indictment charging her with Conspiracy to Distribute Fentanyl, Oxycodone, Hydrocodone, Morphine, Hydromorphone, and Methadone in violation of 21 U.S.C. §§ 846, 841(a)(1).  In the plea agreement Markis agreed to sign

this Stipulation for Consent Judgment of Forfeiture forfeiting her right, title, and interest in the defendant assets.

7. Without admitting the truth of the factual assertions contained in this stipulation, claimants specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimants agree that an adequate factual basis exists to support forfeiture of the defendant assets to the United States pursuant to 21 U.S.C. § 881(a)(6). Claimants hereby acknowledge that they are the sole owners of the defendant assets, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant assets, claimants shall hold harmless and indemnify the United States, as set forth below.

8. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

9. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant assets were seized.

10. The parties herein desire to settle this matter, and a Consent Judgment of Forfeiture may be entered based upon the following terms with which claimants expressly agree:

    a. All right, title, and interest of Carrie Alaine Markis and Andrea Michelle Jordan in the following defendant assets, plus all accrued interest, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law:

        i. Approximately $234,870.00 in U.S. Currency,
        ii. Approximately $16,564.61 seized from Union Bank,
        iii. Approximately $1,818.46 seized from Ally Bank,
        iv. Approximately 509.93 Bitcoin,
        v. Approximately 520.25 Bitcoin Cash,
        vi. Approximately 1.15668545 Bitcoin,
        vii. Approximately 40.27172069 Bitcoin,
        viii. Approximately 415,661 Stellar Lumens, and
        ix. Approximately .5 Bitcoin.

    b. Claimants hereby release the United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant assets.

1  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages
2  arising out of said seizures or forfeiture, as well as to those now known or disclosed. The parties to this
3  agreement agree to waive the provisions of California Civil Code § 1542, which provides: "A general
4  release does not extend to claims which the creditor or releasing party does not know or suspect to exist
5  in his or her favor at the time of executing the release and that, if known by him or her, would have
6  materially affected his or her settlement with the debtor or released party."

   c.   Pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence, no portion of this stipulated settlement, including statements or admissions made herein, shall be admissible in any criminal action.

   d.   Each party represents that he or she understands the content of this Stipulation and enters it voluntarily and has not been influenced by any person acting on behalf of any other party.

   e.   All parties will bear their own costs and attorney's fees.

DATED: 3/29/2023

PHILLIP A. TALBERT
United States Attorney

KEVIN C. KHASIGIAN
Assistant U.S. Attorney

DATED: 04/12/22

CARRIE ALAINE MARKIS
Potential claimant

DATED: 4/12/22

KELLY BABINEAU
Attorney for claimant Carrie Alaine Markis

DATED: _____

ANDREA MICHELLE JORDAN
Potential claimant

DATED: _____

TODD DAVID LERAS
Attorney for claimant Andrea Michelle Jordan

5

This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizures or forfeiture, as well as to those now known or disclosed. The parties to this agreement agree to waive the provisions of California Civil Code § 1542, which provides: "A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."

    c.    Pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence, no portion of this stipulated settlement, including statements or admissions made herein, shall be admissible in any criminal action.

    d.    Each party represents that he or she understands the content of this Stipulation and enters it voluntarily and has not been influenced by any person acting on behalf of any other party.

    e.    All parties will bear their own costs and attorney's fees.

DATED: _____

PHILLIP A. TALBERT  
United States Attorney

_____  
KEVIN C. KHASIGIAN  
Assistant U.S. Attorney

DATED: _____

_____  
CARRIE ALAINE MARKIS  
Potential claimant

DATED: _____

_____  
KELLY BABINEAU  
Attorney for claimant Carrie Alaine Markis

DATED: 3-27-23

_____  
ANDREA MICHELLE JORDAN  
Potential claimant

DATED: 3-27-23

_____  
TODD DAVID LERAS  
Attorney for claimant Andrea Michelle Jordan